UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT HAGAMAN, individually and on behalf of those similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:17-CV-289<br>) |
| PESEK, INC.,<br>NICKOLIVIA, LLC<br>and GEORGE PESEK | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Scott Hagaman ("Hagaman" or "Plaintiff"), individually and on behalf of those similarly situated, brings this action against Pesek, Inc., Nickolivia, LLC and George Pesek (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* for Defendants' failure to pay Hagaman and other similarly situated employees the minimum wage required under federal law. Hagaman and other similarly situated employees are current and former servers at Defendants' restaurants, Corndance Tavern and Evil Czech Brewery.

## PARTIES

2. Hagaman is an individual who resides in St. Joseph County, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Hagaman

was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). His written consent is attached as "Exhibit 1."

3. George Pesek is an owner, member and/or officer of Pesek, Inc. and Nickolivia, LLC. In this capacity, George Pesek is involved in the day-to-day business operations of Pesek, Inc. and Nickolivia, LLC. George Pesek has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage violations alleged in this Complaint. At all relevant times, Pesek acted and had responsibility to act on behalf of, and in the interests of, Pesek, Inc. and Nickolivia, LLC in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage issues raised in this lawsuit. At all relevant times, George Pesek was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Pesek, Inc. is an Indiana domestic corporation doing business in Mishawaka, Indiana. Pesek, Inc. acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Pesek, Inc. is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Nickolivia, LLC is an Indiana limited liability company located and doing business in Mishawaka, Indiana. Nickolivia, LLC acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Nickolivia, LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

6. This Court has jurisdiction over Defendants because Plaintiff brings a claim arising under federal law.

## VENUE

7. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Hagaman was an employee "engaged in commerce or in the production of goods for commerce."

11. Pesek, Inc. is an "employer" as that term is defined by the FLSA. Pesek, Inc. is a "joint employer" as that term is defined by the FLSA. Pesek, Inc. is a "person" as that term is defined by the FLSA.

12. Nickolivia, LLC is an "employer" as that term is defined by the FLSA. Nickolivia, LLC is a "joint employer" as that term is defined by the FLSA. Nickolivia, LLC is a "person" as that term is defined by the FLSA.

13. George Pesek is an "employer" as that term is defined by the FLSA. George Pesek is a "joint employer" as that term is defined by the FLSA. George Pesek is a "person" as that term is defined by the FLSA.

14. Defendants operated as Plaintiff's employer. Defendants operated as a single business engaged in related activities that were performed for a common business purpose through common control and/or a unified operation. Together, Defendants operate as and are a single enterprise under the FLSA. Specifically, Defendants Pesek, Inc. and Nickolivia, LLC are operated and controlled by George Pesek in a unified and common manner for the common business purpose of operating Corndance Tavern and Evil Czech Brewery in Mishawaka, Indiana.

## FACTS

15. Defendants own and operate a restaurant and bar in Mishawaka, Indiana known as Corndance Tavern.

16. Defendants own and operate a brewery and restaurant in Mishawaka, Indiana known as Evil Czech Brewery.

17. Defendants employed Hagaman for approximately one week in August of 2016.

18. The week of August 22, 2016 to August 28, 2016, Hagaman worked for Defendants and trained as a server.

19. During this period, Hagaman worked a total of 30.75 hours while training as a server for Defendants at Corndance Tavern.

20. During this period, Hagaman trained at Corndance Tavern during Defendants' regular business hours and worked serving Defendants' customers.

21. During this period, Hagaman earned no tips and was never paid any cash compensation from Defendants or any other servers.

22. Prior to the beginning of the next workweek and on Sunday, August 28, 2016, Hagaman called Defendants in order to obtain his schedule for the following week. Hagaman was told he was not on the schedule and that he was not going to be retained by Defendants.

23. Hagaman was not exempt from the minimum wage provisions of the FLSA.

24. For Hagaman's first and only week of employment, Defendants did not pay him the applicable minimum wage required by the FLSA.

25. On February 9, 2017, the undersigned counsel, on behalf of Hagaman, sent Defendants a letter stating Hagaman would pursue his lawsuit if Defendants did not comply with the law and pay Hagaman all his earned wages, liquidated damages, and attorney's fees

26. On February 13, 2017, George Pesek contacted the undersigned counsel via telephone to "explain things." George Pesek stated that Hagaman signed a policy and handbook and had "forfeited his pay." George Pesek further stated that this was a company policy and that "everybody understands you don't get paid to go to school." The undersigned counsel requested copies of the documents to which George Pesek

was referring and George Pesek emailed the documents attached hereto as Exhibits A, B and C on February 13, 2017.

27. Defendants' handbook is the handbook for Corndance Tavern and Evil Czech Brewery, with their respective names and logos on its cover. [Exhibit A]

28. Defendants' illegal policy is fully described in Defendants' handbook as follows:

> To help you be successful in your job you will receive adequate training. You will not be expected to be on your own until you are ready. You will participate in detailed training programs and receive training materials to help you perform your job the right way. Your trainers are considered our "best" and have been certified to train for that position. We spend considerable time and money educating our trainer to prepare each new employee for their job. We want you to be knowledgeable and productive member of our staff. The training duration is based on your ability to focus, pay attention to detail, and LEARN. **For some people this process can take as little as 4 days, others may need 10 or more. The training pay is $100.00. You will receiving your training pay after you have taken the test, and are on the floor for two weeks. If you forfeit your training, whether you quit or we let you go, you also forfeit the training compensation. In signing this document, you agree to the terms of our training program, both duration and compensation.**

[Exhibit B, emphasis added]

29. Hagaman was also required to sign a document titled "Handbook Receipt" which was prepared by Defendants and produced by George Pesek to the undersigned counsel. [See Exhibit C]

30. The Handbook Receipt states, "**All employees are expected to conform their conduct to the rules and regulations as set out in this handbook**, and understand that they are at-will employees. The contents of any Employer Handbook, including this one, that may be distributed during the course of their employment shall not be construed as a contract or in any way binding." [Ex. C, Handbook Receipt, emphasis added]

31. The Handbook Receipt also states, "This handbook is a general guide and provisions of this handbook do not constitute an employment agreement (contract) or a guarantee of continued employment. **It is simply intended to outline the benefits and work requirements for all employees.**" [Ex. C, Handbook Receipt, emphasis added]

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

32. Hagaman, as well as current and former servers (or their functional equivalents) (hereinafter referred to as "Members of the Class"), do not perform work that qualifies them as exempt from the minimum wage provisions of the FLSA.

33. Defendants' servers all perform similar job duties and are subject to the same work rules, policies and procedures.

34. Hagaman, as well as Members of the Class, pursuant to Defendants' stated company-wide policy, are not paid the required minimum wages timely and unconditionally, for their time spent training at the beginning of their employment with Defendants.

35. Defendants have a common practice and policy of refusing to timely pay servers the minimum wages required by the FLSA. Specifically, pursuant to Defendants' common policy and practice, the payment of all servers' minimum wages for their training are significantly delayed beyond the time allowed under the FLSA, are not paid in an amount equal to the required minimum wage, and/or are not paid at all.

36. Defendants' failure to pay minimum wage as required by the FLSA results from a policy or practice applicable to Hagaman and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of

Hagaman or those joining this lawsuit. Rather, the same policy or practice that resulted in Defendants' failure to properly pay the earned minimum wages of Hagaman applied to all Members of the Class.

Accordingly, the class is properly defined as:

> **All current and former servers (or their functional equivalents) employed by Defendants at Corndance Tavern and/or Evil Czech Brewery.**

37. Defendants' knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to timely pay minimum wage at the rate required by the FLSA with respect to Hagaman and Members of the Class.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Hagaman hereby incorporates by reference Paragraphs 1 – 37 of this Complaint.

39. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. § 206 by failing to comply with the minimum wage requirements of the FLSA. Defendants have acted willfully in failing to timely pay Hagaman and Members of the Class in accordance with the law.

40. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Hagaman and Members of the Class as protected by the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Hagaman and all employees similarly situated who join this action respectfully request that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Hagaman (and those who have joined the suit), in addition to liquidated damages equal in amount to the unpaid compensation due to Hagaman (and those who have joined the suit);

b. An Order awarding costs of this action;

c. An Order awarding Hagaman (and those who have joined the suit) their reasonable attorney's fees;

d. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA; and

e. An Order granting such other and further relief as may be necessary and appropriate.

/s/ Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
3091 E. 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone:   (317) 743-0614
Facsimile:   (317) 743-0615
E-Mail:      rob@indianawagelaw.com


Attorney for Plaintiff